O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEREN L. CHHENG,<br><br>              Plaintiff,<br>    v.<br><br>LITTON LOAN SERVICING, LP; OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC.; QUALITY LOAN SERVICE CORPORATION; PLAZA HOME MORTGAGE, INC.; US BANK NATIONAL ASSOCIATION, as trustee for GSAA Home Equity Trust 2007-1, Asset-backed Certificates, Series 2007-1; and DOES 1–10, inclusive,<br><br>              Defendants. | Case No. 2:12-cv-02556-ODW(ANx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [19]** |

     Before the Court is Plaintiff Sheren Chheng's motion for relief from judgment under Federal Rule of Civil Procedure 60(b).  (ECF No. 19.)  No Defendant timely opposed this request, which may be deemed consent to the granting of Chheng's request.  Local R. 7-12; *see* Local R. 7-9.  Nevertheless, the Court has considered the merits of Chheng's motion and, for the reasons discussed below, **GRANTS** Chheng's request.

/ / /

/ / /

1    Chheng filed this action in pro se on March 23, 2012.  The crux of Chheng's Complaint is that Defendants have illegally attempted to foreclose on her home in violation of California law.

On July 10, 2012, the Court granted Defendants' two concurrently filed, unopposed motions to dismiss, providing Chheng 14 days to amend her Complaint. (ECF Nos. 7, 12, 16.)  The Court noted that failure to amend within 14 days would result in dismissal of this action with prejudice.

On July 30, 2012, the Court dismissed this case with prejudice after Chheng failed to file an amend complaint within 14 days.  (ECF No. 18.)  Chheng's motion for relief from judgment now reveals that following the dismissal of her original Complaint, Chheng "was in the process of working with a non-attorney friend on this matter," "was told that her friend was going to file the Amended Complaint in compliance with this Court's Order," and "relied on this representation in believing [her] friend would file the amended complaint within the 14 days allotted by this Court."  (Mot. 3; Chheng Decl. ¶ 4.)  Chheng moved for relief from judgment on September 7, 2012, just over a month after the Court dismissed her case.

"The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 395 (1993)).  "To determine when neglect is excusable, [the district court must] conduct the equitable analysis specified in *Pioneer* by examining 'at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay [or other error, including whether it was within the reasonable control of the movant]; and (4) whether the movant acted in good faith.'" *Id*. (quoting *Bateman v. U.S. Postal Serv*., 231 F.3d 1220, 1223–24 (9th Cir. 2000)).  The above factors are not exclusive, but "provide a framework with which to

determine whether missing a filing deadline constitutes 'excusable' neglect." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

Consideration of the *Pioneer* factors weighs in favor of granting Chheng's request. There is no indication that any Defendant will suffer prejudice as a result of Chheng's failure to timely amend, and Defendants have failed to raise any possibility of prejudice not immediately apparent to the Court. Further, Chheng promptly sought the assistance of counsel to seek relief from judgment and appears to act in good faith. The Court therefore **GRANTS** Chheng's motion for relief from judgment. Chheng may file an amended complaint no later than **October 15, 2012**.

**IT IS SO ORDERED.**

October 2, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**